CONRAD KELLER *v.* ROBERT TAYLOR.

In a civil action for assault and battery, the previous conviction and fine of the defendant in a criminal prosecution for the same assault and battery, is not admissible in evidence to mitigate the damages.

ACTION of trespass *vi et armis* for an assault and battery committed by Taylor on Keller.

*Patterson* for the defendant, after the assault and battery had been proved by the counsel for the plaintiff, offered in evidence in mitigation of damages, a certified copy of the record of a criminal prosecution in the Mayor's Court in Wilmington, against the defendant for the same assault and battery on the plaintiff, and his conviction, sentence and fine to the amount of fifty dollars, in that prosecution.

*Bradford,* for the plaintiff: objected to the admissibility of the evidence, and cited *Jarvis v. Manlove,* 5 *Harr.* 453.

*The Court:* rejected the evidence, and remarked that

it was not the record of a suit between the same parties, and was, therefore, not admissible. The record offered was of a criminal prosecution by the State against the defendant for the public wrong and breach of the peace involved, as a public offence; but this was a civil action by the plaintiff against the defendant, to recover damages for the personal injury sustained by him. In a criminal prosecution for assault and battery, it was not unusual for the Court on conviction, when about to fix and impose the fine for the public offence, to inquire if any civil action had been brought for the personal injury by the party assaulted, with a view to moderate the fine, if such was the case. But this was a consideration merely addressed to the disrcetion of the Court, for the purpose stated. But the fact of its being allowed to mitigate the fine in the criminal prosecution, was of itself a good reason why the latter should not be allowed to mitigate the damages in the civil action for the personal injury.